UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61057-Civ-COHN/SELTZER

| | |
|---|---|
| In re 21ST CENTURY HOLDING COMPANY SECURITIES LITIGATION | ) ) ) |
| This Document Relates To: | ) ) ) |
| ALL ACTIONS. | ) ) |

REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION TO APPOINT THE KIVUN GROUP AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

## I. INTRODUCTION AND BACKGROUND

On September 25, 2007, four movants filed motions to be appointed lead plaintiff in this action: (1) Kivun Mutual Fund Ltd. ("Kivun") and International Brotherhood of Electrical Workers Local 98 (together, the "Kivun Group"); (2) Leonard Management Group; (3) Daniel Coffman and Sherwood Faust (the "Coffman Group"); and (4) Donald and Mary Dockerty ("Dockerty Group"). The Dockerty Group did not oppose the Kivun Group's motion for appointment as lead plaintiff. Leonard Management Group and the Coffman Group filed oppositions to the Kivun Group's motion, but as demonstrated below, their arguments do not alter the fact that the Kivun Group is the only movant that meets all of the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") in order to be the appointed lead plaintiff in this action.

The PSLRA requires that the appointed lead plaintiff be the movant that has the largest financial interest in the relief sought by the class, and meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). According to one circuit court which has specifically addressed the appointment of a lead plaintiff in securities cases:

> [T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on ***that*** plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy." If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.

*In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (emphasis in original) (footnotes omitted).

Here, although Leonard Management Group claims to have the largest financial interest of $278,000, its calculation was performed under the First-In, First-Out ("FIFO") methodology, which

has been rejected by a number of courts in the determination of which lead plaintiff movant has the largest financial interest. *See* cases cited at pages 2, 6-7 of The Kivun Group's Opposition to Competing Motions for Appointment as Lead Plaintiff ("Kivun Group Opposition"), filed October 15, 2007. Indeed, given the controversy surrounding FIFO loss calculations at the lead plaintiff stage, the Court should also consider the movant's losses under the often-utilized Last-In, First-Out ("LIFO") methodology. As demonstrated in the Kivun Group Opposition, under LIFO, Leonard Management Group has a ***gain*** of over $36,000, and thus, does not have the largest financial interest in the relief sought by the class. *See id* at 3, 5. The Kivun Group, with losses (under either FIFO or LIFO) of $215,697.52, is therefore, the movant with the largest financial interest. *See* Chart at page 3 of Kivun Group Opposition.

As demonstrated in the Kivun Group's filings, it meets the adequacy and typicality requirements of Rule 23. *See* Memorandum of Law in Support of the Motion to Consolidate Related Actions, Appoint Kivun Mutual Funds Ltd. and International Brotherhood of Electrical Workers Local 98 Fund as Lead Plaintiff and to Approve Lead Plaintiff's Selection of Co-Lead Counsel, filed September 25, 2007 at 6-9. *See also In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (holding that institutional investors with large losses generally satisfy the requirements of Rule 23). Therefore, according to the PSRLA, the Kivun Group is the presumptively "most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730; *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, No. 8:06-CV-1716-T-23EAJ, 2007 U.S. Dist. LEXIS 3592, at *6 (M.D. Fla. Jan. 18, 2007) ("The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person of group of persons that 'has either filed the complaint or made a motion in response to a notice,' 'has

the largest financial interest in the relief sought,' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'") (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

In order to overcome the Kivun Group's statutory lead plaintiff presumption, the PSLRA requires competing movants to submit "***proof***" that the Kivun Group cannot adequately represent the interests of the class or is subject to unique defenses. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Two circuit courts have directly addressed the issue of how competing movants may attempt to rebut the presumption of most adequate plaintiff. The Ninth Circuit explained it as follows:

> That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption "may be rebutted only upon proof . . . that the presumptively most adequate plaintiff" does not satisfy the adequacy or typicality requirements of Rule 23.

*Cavanaugh*, 306 F.3d at 729 n.2.

Similarly, the Third Circuit has noted:

> Once a presumptive lead plaintiff is located, the court should then turn to the question whether the presumption has been rebutted. The Reform Act is quite specific on this point, providing that the presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff -- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). This language makes two things clear. First, only class members may seek to rebut the presumption, and the court should not permit or consider any arguments by defendants or non-class members. . . . Second, once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a "fair[] and adequate[]" job.

*Cendant*, 264 F.3d at 268.

Neither Leonard Management Group nor the Dockerty Group even attempt to argue that the Kivun Group is inadequate or subject to unique defenses. The Coffman Group, rather than submitting ***proof*** that the Kivun Group will not fairly represent the class, merely ***speculates*** the

Kivun Group ***might*** be related to other entities which include the word "Kivun" in their names, and that these other entities ***might*** be the ones that actually lost money in 21st Century Holding Company ("21st Century"), not Kivun. Because the Coffman Group offers ***no evidence or proof*** of such a claim, its speculations are insufficient to defeat the presumption of most adequate plaintiff which lies in favor of the Kivun Group. *See* §II.A, *infra*. Putting to rest any truth behind the Coffman Group's speculation, however, the Kivun Group has submitted herewith a declaration signed under penalty of perjury by Benny Moses, the Chief Executive Officer of Kivun, which demonstrates that two mutual funds which are managed and controlled by Kivun are the only entities that purchased the 21st Century stock at issue in this case. Declaration of Benny Moses of Kivun Mutual Funds Ltd. in Further Support of the Kivun Group's Motion for Appointment as Lead Plaintiff ("Moses Declaration"), ¶¶4-6 (attached as Exhibit 1 to the Declaration of Robert J. Robbins in Support of Reply Memorandum in Further Support of the Motion to Appoint the Kivun Group as Lead Plaintiff and to Approve Lead Plaintiff's Selection of Co-Lead Counsel ("Robbins Decl."), filed concurrently herewith. In addition, the Moses Declaration makes clear that Kivun is a completely separate legal entity from the others mentioned by the Coffman Group, and that Kivun alone has the authority to act on behalf of the mutual funds. *Id.* at ¶¶5, 7. The Moses Declaration also demonstrates that Benny Moses, who signed Kivun's certification in support of the Kivun Group's lead plaintiff motion, was fully authorized to do so. *Id.* at ¶8.

Finally, the Coffman Group makes the specious argument that some of the purchase prices listed on Kivun's certification are inaccurate because they do not fall within the trading prices for 21st Century on those dates. The explanation for this is simple, the dates listed on the certification are settlement dates. Settlement dates typically fall 2-3 trading days after the transactional date on

which the trade was entered into and priced. If one looks 2-3 trading days prior to the settlement dates listed on Kivun's certification, the trading prices fall ***directly within*** the historical trading prices for 21st Century. In order to ensure that there is no confusion as to Kivun's financial interest, or the calculation thereof, the Kivun Group demonstrates herein that, using transactional dates as opposed to settlement dates, Kivun's purchases all fall within the trading prices of 21st Century stock. *See* §II.D., *infra*. *See also In re Star Gas Sec. Litig.*, No. 3:04cv1766 (JBA), 2005 U.S. Dist. LEXIS 5827, at *14 (D. Conn. Apr. 8, 2005) (movant's use of settlement dates did not prevent his appointment as lead plaintiff); *In re Williams Sec. Litig.*, No. 02-CV-72-H(M), slip op. at 5-7 (N.D. Okla. July 8, 2002) (same) (attached as Exhibit 2 to the Robbins Decl); *Batwin v. Occam Networks, Inc.*, No. CV07-3226-CAS(SHx), slip op. at 7 (C.D. Cal. July 30, 2007) (same) (attached as Exhibit 3 to the Robbins Decl.).

## II. ARGUMENT

### A. The Coffman Group's Speculation Does Not Rebut the Presumption that the Kivun Group Is the Most Adequate Plaintiff

The Coffman Group ***speculates*** that Kivun ***might*** be related to some other investment funds which the Coffman Group speculates ***might*** have purchased some of the shares at issue on Kivun's certification. First of all, the Coffman Group submits no evidence, let alone ***proof*** that these speculations have any basis. It is well-established that speculation is not sufficient to rebut the presumption of most adequate plaintiff, which in this case lies in favor of the Kivun Group. *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997) ("[S]peculative assertions are insufficient to rebut the presumption that [movant] is the most adequate plaintiff."); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044 (N.D. Cal. 2001) (same); *Montoya v. Herley Indus.*, No. 06-2596, 2006 U.S. Dist. LEXIS 83343, at *6 (E.D. Pa. Nov. 15, 2006); *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280,

1341 (N.D. Ala. 2000) ("Subsection 21D(a)(3)(B)(iii)(II), by contrast, is a 'knock-out' provision, permitting another class member to utterly disqualify the presumptively most adequate, or highest ranked, contender 'upon proof that the presumptively most adequate plaintiff' is actually (***rather than may be***) an inadequate representative or 'subject to unique defenses that render such plaintiff incapable of adequately representing the class."') (emphasis added) (citations omitted); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105-06 (S.D.N.Y. 2007) (speculation and conjecture not enough to defeat the presumption of most adequate plaintiff); *Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *3-*14 (S.D.N.Y. Dec. 14, 2006) (same).

To put to rest any of the speculation raised by the Coffman Group, however, the Kivun Group submits concurrently herewith the Moses Declaration, which demonstrates that two mutual funds which Kivun alone has full authority to manage and take legal action on behalf of, purchased the shares at issue in this case. Moses Declaration, ¶¶4-7 (Robbins Decl., Ex.1). In addition, the Moses Declaration puts to rest any doubt that Kivun is a single and separate legal entity from the other related funds the Coffman Group has raised. Moses Declaration, ¶5 (Robbins Decl., Ex.1).

The Coffman Group's speculation that Kivun's CEO was not authorized to sign Kivun's certification seeking lead plaintiff status in this case is also meritless. Benny Moses, the CEO and principal shareholder of Kivun, has submitted a declaration which puts to rest any doubt that he was authorized to seek lead plaintiff status on behalf of Kivun. *See* Moses Declaration, ¶8 (Robbins Decl., Ex.1). It is clear from the Moses Declaration that, not only does his position at Kivun demonstrate authority, but that Kivun's Board of Directors has specifically delegated to Benny Moses the authority to act on behalf of Kivun in this case. *Id*. Thus, the Coffman Group's

speculation regarding other entities bearing the word "Kivun" in their titles fails to rebut the presumption that the Kivun Group is the most adequate plaintiff.

**B. Kivun's Financial Interest Is Fully Supported by Its Trading Data Disclosed in Its Certification**

The Coffman Group also speculates that Kivun has not supported its financial interest by its trading data in its certification because some purchases listed on Kivun's certification do not fit within the historical trading prices for 21st Century on the dates listed. This is easily explained. The purchase dates listed on Kivun's certification are all settlement dates. A settlement date is the date the trade was actually settled on, as opposed to the date on which the stock transaction was actually entered into and priced. Typically, a settlement date will be 2-3 trading days after the transactional date. Thus, in Kivun's case, where the certification states a settlement date for a sale of 1,618 shares on October 20, 2006 at $21.71, the ***transaction*** date for that trade would have been on October 17, 2006.

In order to erase any doubt about Kivun's financial interest or the calculation thereof, the chart below demonstrates that using transactional dates for the trades listed on Kivun's certification, the information on Kivun's certification is completely accurate:

| Settlement Date on Certification | Transactional Date of Purchase | Amount of Securities Purchased | Price, as Stated on Kivun's Certification | Range of Prices at which 21st Century Shares Traded on the Transaction Date |
|---|---|---|---|---|
| 10/11/2006 | 10/06/2007 | 8,000 | $22.5750 | $22.00-$23.00 |
| 10/11/2007 | 10/09/2007 | 3,000 | $23.01 | $22.78-$23.84 |
| 10/13/2007 | 10/10/2007 | 1,000 | $23.01 | $22.24-$23.70 |
| 10/16/2007 | 10/11/2007 | 1,382 | $22.7547 | $22.47-$23.49 |
| 10/20/2007 | 10/17/2007 | 1,618 | $21.71 | $21.14-$22.86 |

When compared to the historical pricing data submitted by the Kivun Group herewith, these prices fall precisely within the prices at which 21st Century shares traded on the dates the transactions were made and the pricing was set. *See* Historical Pricing Data, attached as Exhibit 4 to the Robbins Decl. The use of settlement dates on certifications, as Kivun used, is common and does not call into question a movant's financial interest or its ability to be appointed lead plaintiff. *See Star Gas,* 2005 U.S. Dist. LEXIS 5827, at *14 (finding movant's use of settlement dates did not prevent his appointment as lead plaintiff); *Williams,* slip op. at 5-7 (Robbins Decl., Ex. 2) (refusing to disqualify a movant for using settlement dates on his certification); *Occam*, slip op. at 7 (same) (Robbins Decl., Ex. 3).

## III. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Kivun Group's previous filings in this case, the Kivun Group respectfully requests that the Court appoint it as Lead Plaintiff, and approve its selection of the law firms Coughlin Stoia Geller Rudman & Robbins LLP and Glancy Binkow & Goldberg LLP as Co-Lead Counsel for the class.

DATED: October 25, 2007

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DAVID J. GEORGE (Florida Bar # 0898570)
dgeorge@csgrr.com
DOUGLAS WILENS (Florida Bar # 0079987)
dwilens@csgrr.com
ROBERT J. ROBBINS (Florida Bar # 0572233)
rrobbins@csgrr.com

s/ ROBERT J. ROBBINS

ROBERT J. ROBBINS

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

[Proposed] Co-Lead Counsel and Counsel for International Brotherhood of Electrical Workers Local 98

GLANCY BINKOW & GOLDBERG LLP
LIONEL Z. GLANCY
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

[Proposed] Co-Lead Counsel and Counsel for Kivun Mutual Funds Ltd.

S:\CasesSD\21st Century Secs\BRF00046715_reply.doc

Case No. 07-61057-Civ-COHN/SELTZER

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2007.

s/ ROBERT J. ROBBINS
ROBERT J. ROBBINS

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

E-mail: rrobbins@csgrr.com

# Mailing Information for a Case 0:07-cv-61057-JIC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter A. Binkow**
  pbinkow@glancylaw.com
- **Jay W. Eng**
  jeng@bermanesq.com eavila@bermanesq.com
- **David J. George**
  dgeorge@csgrr.com e_file_fl@csgrr.com
- **Lewis Franklin Murphy**
  lmurphy@ssd.com aleon@ssd.com
- **Robert Jeffrey Robbins**
  rrobbins@csgrr.com e_file_fl@csgrr.com
- **Wayne Howard Schwartz**
  schwartz@leeamlaw.com zivaallen@leeamlaw.com;leeamlawecf@gmail.com
- **Douglas Scott Wilens**
  dwilens@csgrr.com e_file_fl@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)